The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY JAMAL ARMSTRONG,<br><br>Defendant. | No. CR18-144 RAJ<br><br>AMENDED PLEA AGREEMENT |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Vincent T. Lombardi, Erin H. Becker, and Nicholas Manheim, Assistant United States Attorneys for said District, Wesley Jamal Armstrong and his attorney, Nicholas Marchi, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B):

1.   **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.   **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment: Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty, Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 2, are as follows:

> First, the defendant knowingly possessed a firearm;
>
> Second, the firearm had been shipped or transported from one state to another, or between a foreign nation and the United States; and
>
> Third, at the time the defendant possessed the firearm, the defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are a maximum term of imprisonment of up to 10 years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a mandatory special assessment of $100.

If a probationary sentence is imposed, the probation period can be for up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of his peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.    The right to confront and cross-examine witnesses against Defendant at trial;

    f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

    g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.    The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States, immediately, all of his right, title, and interest in any and all firearms and ammunition involved or used in a knowing violation of Title 18, United States Code, Section 922, as set forth in Count 1 of the Indictment, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute firearms or ammunition involved or used in the offense charged in Count 1.

8. **Abandonment of Contraband.** Defendant agrees that if any federal law enforcement agency seized any firearms, ammunition, accessories, or contraband that were in Defendant's direct or indirect control, Defendant abandons any and all interest in those firearms, ammunition, accessories, and contraband and consents to their federal administrative forfeiture, official use, and/or destruction by the federal law enforcement agency that seized them.

9. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

    a. On or about October 3, 2017, law enforcement officers obtained a valid search warrant for Room 29 of the Wallingford Inn, and lawfully executed it.

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant and the woman were both present in Room 29 of the Wallingford Inn at the time of execution. During the search of the room, investigators located two firearms. The first, a Norinco Model 1911A1 10mm pistol bearing serial number 410475, was found inside a trash bag filled with clothes. This weapon was loaded with eight rounds. The second firearm, a Smith and Wesson Model 39-2 9mm caliber pistol bearing serial number A301144, was found under the mattress. This weapon was also loaded with seven 9mm rounds.

    b.    ATF Special Agent Catherine Cole, a firearms examiner and nexus expert, examined both weapons. She confirmed that each one meets the federal definition of a firearm and that neither were manufactured in Washington State. Therefore, both were necessarily shipped or transported in interstate or foreign commerce.

    c.    As of October 3, 2017, Defendant knew he had previously been convicted of a number of crimes punishable by imprisonment for a term exceeding one year, including:

        (i)    *Possession with Intent to Deliver Cocaine*, on or about September 1, 2006, in the King County Superior Court, Case No. 05-1-08798-2;

        (ii)    *Conspiracy to Deliver Cocaine*, on or about July 28, 2008, in the King County Superior Court, Case No. 08-1-02077-7;

        (iii)    *Conspiracy to Distribute Cocaine Base*, on or about July 6, 2012, in the United States District Court for the Western District of Washington, Case No. CR11-323RSL; and

        (iv)    *Possession of a Firearm in Furtherance of a Drug Trafficking Crime,* in the United States District Court for the Western District of Washington, Case No. CR11-323RSL.

    d.    On October 3, 2017, in the Western District of Washington, Defendant knowingly possessed two firearms, specifically a Norinco Model

United States v. Armstrong / CR18-144 RAJ
Amended Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1911A1 10mm pistol bearing serial number 410475, and a Smith and Wesson Model 39-2 9mm caliber pistol bearing serial number A301144, each of which is a firearm that had previously been shipped or transported from one state to another or between a foreign nation and the United States, and did so knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

United States v. Armstrong / CR18-144 RAJ
Amended Plea Agreement - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.  After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.  The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.  Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

11.  **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.  **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.  Section 2K2.1(a)(6), which sets a base offense level of 14, because the defendant was a prohibited person at the time that he committed the instant offense.

b.  Section 2K2.1(b)(6)(B), which increases the base offense level by four, because the defendant possessed the firearms in connection with another felony offense, specifically drug trafficking.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands,

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

however, that at the time of sentencing, the Court is free to reject the arguments of the parties, including the stipulation to the base offense level and the upward adjustment, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13. **Supervised Release Violation.** As part of this Plea Agreement, Defendant also agrees to admit to violating the terms of his federal supervised release in Western District of Washington case number CR11-323 by committing this criminal offense while on supervision. Defendant understands that he may face additional custodial time as a result of said violation, and the government makes no promises or assurances as to its recommendation on the related supervised release violation.

14. **Sentencing Recommendation**. The United States agrees to recommend a total term of imprisonment of no more than the low end of the sentencing guidelines range calculated by the Court at sentencing as to this new criminal matter. Defendant may make any recommendation with respect to incarceration that he feels is appropriate. Defendant understands and acknowledges that the Court is not bound by either party's recommendation, and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. As set forth above, Defendant also understands that he may face additional custodial time due to his related supervised release violation. Beyond this recommendation by the United States with respect to imprisonment on this new criminal matter, Defendant further understands that both parties are free to make any recommendation at sentencing with respect to any other aspect of the sentence to be imposed.

Defendant further understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the Court or its guidelines calculation.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  of the conduct giving rise to this investigation. In this regard, Defendant recognizes the
2  United States has agreed not to prosecute all of the criminal charges the evidence
3  establishes were committed by Defendant solely because of the promises made by
4  Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing
5  the Presentence Report, the United States Attorney's Office will provide the United
6  States Probation Office with evidence of all conduct committed by Defendant.

7  Defendant agrees that any charges to be dismissed before or at the time of
8  sentencing were substantially justified in light of the evidence available to the United
9  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
10 with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
11 (1997).

12  16.  **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if
13 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
14 Agreement and Defendant may be prosecuted for all offenses for which the United States
15 has evidence. Defendant agrees not to oppose any steps taken by the United States to
16 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
17 Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement,
18 Defendant has waived any objection to the re-institution of any charges in the Indictment
19 that were previously dismissed or any additional charges that had not been prosecuted.

20  Defendant further understands that if, after the date of this Agreement, Defendant
21 should engage in illegal conduct, or conduct that violates any conditions of release or the
22 conditions of his confinement, (examples of which include, but are not limited to,
23 obstruction of justice, failure to appear for a court proceeding, criminal conduct while
24 pending sentencing, and false statements to law enforcement agents, the Pretrial Services
25 Officer, Probation Officer, or Court), the United States is free under this Agreement to
26 file additional charges against Defendant or to seek a sentence that takes such conduct
27 into consideration by requesting the Court to apply additional adjustments or
28 enhancements in its Sentencing Guidelines calculations in order to increase the applicable

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises

*United States v. Armstrong* / CR18-144 RAJ  
Amended Plea Agreement - 10

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

19. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. **Completeness of Agreement**. The United States and Defendant acknowledge that, except as to certain matters set forth during the plea colloquy in open court, if any, these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9th day of August, 2019.

_____
WESLEY JAMAL ARMSTRONG
Defendant

_____
NICHOLAS MARCHI
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

*United States v. Armstrong* / CR18-144 RAJ
Amended Plea Agreement - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970